UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| ANNIE LUCILE LIVINGSTON | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-2210-KHV |
| | ) | |
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff, proceeding pro se, has filed a motion seeking various discovery relief (ECF No. 32). The motion is granted in part and denied in part.

First, plaintiff asks the court to compel defendant to respond to her request for production of documents. The parties appear to have different beliefs about whether plaintiff granted defendant an extension to produce documents, thereby making plaintiff's request premature. But in any event, defendant states it is prepared to produce documents by May 20, 2019.[1] Accordingly, this portion of plaintiff's motion is granted as unopposed.

Second, plaintiff requests an extension of the discovery deadline "to request additional documents from the Defendant based on the Defendant's responses and to allow

---

[1] ECF No. 34 at 6.

the Plaintiff time to prepare for depositions."[2] Defendant does not directly address this request in its response brief. The second amended scheduling order extended the discovery deadline to May 30, 2019, "for defendant to take plaintiff's deposition and conduct the necessary discovery related to plaintiff's discovery responses."[3] The court will extend this same deadline to plaintiff. As a practical matter, however, given that the parties are not set to exchange discovery until May 20, 2019, the parties will not be able to serve additional written discovery in time to garner a response before the May 30, 2019 deadline. The court reminds the parties that although they may agree to conduct discovery beyond the deadline, the court does not make itself available to resolve discovery disputes that arise from such extended discovery.

Finally, plaintiff asks the court to order defendant to "assign bates document numbers to all Documents produced by the Plaintiff and return the numbered documents to the Plaintiff by May 30, 2019."[4] Plaintiff has cited no law in support of placing such a burden on defendant. If plaintiff ultimately prevails in this case, the cost she expends in producing Bates-numbered documents will likely be recovered,[5] but no procedure exists for transferring this cost to defendant at this stage of the litigation. This portion of plaintiff's motion is denied.

---

[2] ECF No. 32 at 1.
[3] ECF No. 31 at 1.
[4] ECF No. 32 at 1.
[5] *See* Fed. R. Civ. P. 54(d)(2).

IT IS THEREFORE ORDERED that plaintiff's motion for discovery relief is granted in part and denied in part, as discussed above.

Dated May 16, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge