UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNIE LUCILE LIVINGSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-2210-KHV |
| | ) |
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This is an employment-discrimination case in which the pro se plaintiff, Annie Lucile Livingston, alleges the defendant, University of Kansas Hospital Authority, subjected her to unequal conditions of employment, and eventually terminated her employment, because of her race and religion. A number of discovery disputes have arisen between the parties. The undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a status conference on May 22, 2019.[1] Although the undersigned expressed hope the parties could resolve their disputes based on the discussion and guidance provided at the conference, he permitted the parties to file motions to compel by May 31, 2019, on any matters that remained unresolved after the parties conferred further.[2] Defendant filed a

---

[1] ECF No. 42.

[2] ECF No. 41.

motion to compel plaintiff to answer certain interrogatories and to supplement her responses to certain requests for production of documents (ECF No. 43). Plaintiff filed a motion to compel defendant to fully respond to her requests for production of documents (ECF No. 47). Defendant then filed a motion to strike plaintiff's motion to compel (ECF No. 49). For the reasons stated below, defendant's motion to compel is granted, plaintiff's motion to compel is denied, and defendant's motion to strike is denied as moot.

I. **Defendant's Motion to Compel Discovery (ECF No. 43)**

Defendant moves the court to compel plaintiff to supplement her answers to Interrogatory Nos. 1 and 4-7; to answer without objection Interrogatory Nos. 10-19; and to supplement her responses to Request for Production Nos. 1, 2-4, 6, 8-14, 17, 18, 20-27, 29-36, 39-58, 60-67, 68, 71, 73-77, 79-82, and 89-91. Plaintiff states in her response brief that she "does not resist" complying with the discovery requests.[3] Defendant's motion is **granted**.

First, with respect to the document requests, plaintiff promises to "fully cooperate with the Defendant to produce all requested documents in the Plaintiff's possession."[4] Plaintiff commits to "update her responses[,] removing any ambiguity and identifying specific locations where the documents can be found."[5] She further offers to add page

---

[3] ECF No. 48 at 1.

[4] *Id.*

[5] *Id.* at 2.

2

O:\ORDERS\18-2210-KHV-43.docx

dividers to her document production "in order to enable the Defendant to easily match documents with their correlating requests for production."[6]

Second, with respect to interrogatories, plaintiff promises "to provide complete and sufficient answers to [defendant's] interrogatories."[7]

The court finds these concessions satisfy the relief sought in defendant's motion to compel. By **June 21, 2019,** plaintiff must file a signed certification that she has (1) produced to defendant all requested documents in her possession, custody, or control, without objection and organized with page dividers that match documents with their correlating requests; (2) supplemented her responses to Request for Production Nos. 1, 6, 8-14, 17-18, 20-27, 29-36, 39-58, 60-67, 71, 73-77, 80-82, and 89-91 to state she has produced all responsive documents and is not aware of other responsive documents not produced; (3) supplemented her responses to Request for Production Nos. 15, 16, 19, 37, 48, 59, 65, 66, and 78 to state she has produced all responsive documents in her possession, custody, or control; and (4) fully answered Interrogatory Nos. 1, 4-7, and 10-19.

## II. Plaintiff's Motion to Compel Discovery (ECF No. 47) and Defendant's Motion to Strike (ECF No. 49)

Plaintiff moves the court to compel defendant to produce documents responsive to her Request for Production of Documents Nos. 1, 3-23, 25-44, 46-71, 73-74, 76-80, 82, 85-

---

[6] *Id.*

[7] *Id.* at 1.

114, 116, 117, 119-152, 154-155, 157-161, 163-200, 202-204, 206-219, 221-246, and 248-250. Plaintiff's motion is **denied** on multiple grounds.

First, plaintiff filed the motion without fully complying with the meet-and-confer requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. Those rules require parties to confer in good faith, or show that reasonable efforts were made to confer, to obtain the discovery sought without court intervention. The undersigned's order following the May 22, 2019 status conference also required the parties to discuss this dispute prior to a motion being filed.[8] The record here reflects plaintiff informed defendant she would "send [her] list of properly requested documents that were missing from the documents you produced,"[9] but then never sent the list or otherwise further conferred with defendant about the discovery she now moves to compel.[10]

Second, plaintiff did not comply with D. Kan. Rule 37.1(a)'s requirement that motions to compel responses to requests for production of documents include a copy of the "portions of the . . . requests, or responses in dispute." Although plaintiff did attach to her reply brief a copy of defendant's responses to her requests, the court generally does not

---

[8] ECF No. 41 at 3 ("To the extent the parties do not resolve any such dispute after discussing the matter, any motion by plaintiff to compel production of documents must be filed by May 31, 2019.").

[9] ECF No. 49-2 at 2.

[10] *See* ECF No. 49-3.

consider arguments raised for the first time in reply briefs because the opposing party does not have the opportunity to respond.[11]

Third, and most important, plaintiff's motion is so general and vague that there is no way for the court to determine whether she is entitled to any relief. Plaintiff has not identified why specific responses by defendant are purportedly deficient. Thus, the court has no basis on which to grant her relief.

The motion only specifically describes two categories of documents (without identifying their corresponding document requests) that plaintiff seeks to compel: (1) her "official employment file," and (2) "all documents relating to any and all communication between Ms. Paula Gangel and Mr. James Dursk related to the Plaintiff between November 1, 2017 and January 31, 2018."[12] With regard to plaintiff's employment file, defendant has explained that it does not have anything labeled an "official employment file," but that it did produce plaintiff's human resources file (containing plaintiff's application, onboarding paperwork, new hire paperwork, I-9 documents, disciplinary files, and promotion documents), the department file maintained by plaintiff's supervisor, and any medical file

---

[11] *See Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Communities, II, LLC*, 315 F.R.D. 601, 608-09 (D. Kan. 2016); *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244-45 (D. Kan. 2001) (citing cases). *See also Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (holding argument raised for the first time in reply brief was waived).

[12] ECF No. 47 at 2, 4-5. Plaintiff's reply brief discussed two additional categories of documents, but as stated above, arguments raised for the first time in reply briefs are deemed waived.

it maintained about plaintiff.[13]  The court finds defendant satisfied its obligation to produce documents it reasonably interpreted the request as seeking.  To the extent plaintiff was seeking other documents by the request, she should have followed through on her duty to meet and confer with defendant about the request.

With regard to the communication between Gangel and Dursk, defendant has stated in its response that, although it stands on its objections, it agrees to supplement its document production with the requested correspondence.[14]  Defendant is directed to make this supplement no later than **June 21, 2019.**

As mentioned above, defendant moved to strike plaintiff's motion to compel.  The motion to strike raises many of the issues the court just addressed in denying plaintiff's motion (e.g., plaintiff's failure to meet and confer, and failure to identify why certain responses are purportedly deficient).  It also takes issue with plaintiff's statement that defendant produced "altered documents" in its initial disclosures,[15] explaining that defense counsel only redacted social security numbers and bank account information.  Because the court has denied plaintiff's motion to compel and defendant has had the opportunity to clarify the changes it made to its initial disclosures, the court denies the motion to strike as **moot**.

---

[13] ECF No. 49 at 2.

[14] ECF No. 51 at 2.

[15] *See* ECF No. 47 at 2.

6

### III. Defendant's Requests for Sanctions

Defendant asks that the court to award its expenses incurred in both bringing its motion to compel and in opposing plaintiff's motion to compel. Fed. R. Civ. P. 37(a)(5)(A) states that if discovery is provided after a motion to compel is filed, such as here where plaintiff agreed in her response brief to provide the discovery sought, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" *unless* the court finds "the opposing party's nondisclosure, response, or objection was substantially justified" or that "other circumstances make an award of expenses unjust." In similar fashion, Fed. R. Civ. P. 37(a)(5)(B) states that if a motion to compel is denied, such as here where the court denied plaintiff's motion to compel, the court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" *unless* "the motion was substantially justified or other circumstances make an award of fees unjust." A nondisclosure or motion is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person" or where "reasonable people could differ as to [its] appropriateness."[16]

---

[16] *Linnebur v. United Tele. Ass'n*, No. 10-1379, 2012 WL 1183073, at *1 (D. Kan. Apr. 9, 2012) (citing cases); *see also Hamner v. Assoc. Wholesale Grocers, Inc.*, No. 07-2314, 2008 WL 917900, at *2 (D. Kan. March 31, 2008) (internal citations omitted).

O:\ORDERS\18-2210-KHV-43.docx

After carefully considering the factual record here, the court does not find an award of fees and expenses warranted at this time. With respect to defendant's motion to compel, plaintiff, who is proceeding pro se, has explained she was willing to cooperate with defendant to resolve this dispute without court intervention, but after exchanging a number of e-mails and voicemails, the parties were unable to connect in the three-day period between the time defendant initiated the meet-and-confer process and the time it filed its motion.[17] With respect to plaintiff's motion to compel, the court concludes reasonable people could reach different conclusions on whether the motion was justified. Although plaintiff clearly failed to follow procedural rules and to offer legal argument for her assertions that defendant is inappropriately withholding documents, the court attributes this to plaintiff's inexperience in the legal arena and not to ill intent. In these particular circumstances, the court does not believe an award of fees is justified.

Plaintiff is hereby warned, however, that she **must follow** the discovery and procedural rules to avoid defendant incurring unnecessary expense to enforce those rules. Despite what plaintiff appears to believe, defense counsel is not acting unreasonably in these pretrial proceedings. **If plaintiff fails to meet the June 21, 2019-discovery deadline set in this order such that defendant finds it necessary to seek further relief from the court, the court will favorably entertain a motion for plaintiff to pay defendant's fees incurred in bringing such a motion.** If defendant files such a motion, it should include

---

[17] *See* ECF No. 48 at 2-4.

detailed attorney-billing statements showing time expended and the rate at which that time was billed. Going forward, plaintiff should be prepared to pay defendant's attorney's fees should she stymie the completion of any discovery (including the taking of her deposition) for any unjustifiable reason.

### IV.  Rescheduling Deadlines

During the May 22, 2019 status conference, the undersigned vacated the remaining scheduling-order deadlines pending resolution of the above discovery issues.[18] A scheduling conference to reset remaining case deadlines will be held by telephone on **June 27, 2019, at 3:00 p.m.** The parties are directed to call the conference line at 1-888-363-4749 and enter ACCESS CODE 8914911.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order. If plaintiff does not timely file her objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated June 14, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[18] ECF No. 41 at 4.